**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| PAUL LUPERCIO, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Civil No. 09-0341-CV-W-FJG |
| | ) Crim. No. 06-00337-11-CR-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is Lupercio's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed May 4, 2009. The Court finds that it has jurisdiction over this matter.

### I. BACKGROUND

On September 27, 2006, Lupercio was charged with conspiracy to distribute marijuana in an amount of 1,000 kilograms or more, and five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846. On September 20, 2007, Lupercio entered into a plea agreement with the Government and pleaded guilty. As a result of the plea agreement, Lupercio agreed to waive "his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious that a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." (Plea Agreement, p. 13). These waivers were discussed with the defendant during the Change of Plea hearing. On May 8, 2008, Lupercio appeared before the Court and was sentenced to 240 months imprisonment. Lupercio did not file a direct appeal, but did file the instant § 2255

motion.

## II.  STANDARD

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

## III. DISCUSSION

**A.  Is the Motion Barred by the Plea Agreement?**

The Government argues that Lupercio's motion should be summarily dismissed because it is barred by the terms of the plea agreement.  The Plea Agreement states in part: "The defendant acknowledges, understands and agrees that by pleading guilty pursuant to the plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of his plea agreement."  (Plea Agreement, ¶ 18a.).  "The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a

2

misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." (Plea Agreement, ¶ 18b.). The Government states that a waiver will be enforced when the issue the defendant seeks to raise falls within the scope of the waiver and the defendant knowingly and voluntarily entered into the plea agreement and the waiver. In this case, the Government argues that Lupercio was specifically asked about the plea agreement and the waiver and stated that he had read and reviewed them and had no questions.

Lupercio argues that post-conviction waivers are enforceable if: "the appeal falls within the scope of the waiver and . . . the defendant entered into both the waiver and the plea agreement knowingly and voluntarily. Even when those conditions are met, we will not enforce the waiver where to do so would result in a miscarriage of justice." United States v. Woods, 346 F.3d 815, 817 (8th Cir. 2003). Lupercio argues that "the waiver assumed that the government would fulfill a promise to file a downward departure motion based on Lupercio's substantial assistance. In agreeing to waive his right to collateral attack, Lupercio relied on the promise of a substantial assistance motion." (Lupercio's Reply Suggestions, p. 6). He argues that he did not waive his right to enforce the terms of the plea agreement nor did he waive his right to challenge his sentence on constitutional grounds. Because the issues which Lupercio raises are arguably outside of the waiver, the Court will consider Lupercio's § 2255 motion on the merits.

> **B. The Increase in Movant's Minimum Mandatory Sentence to 240 Months Based on His Prior Criminal Record Violates His Right to Due Process and to Be Free from Cruel and Unusual Punishment, under the Fifth and Eighth Amendments and the Sentencing Mandate Under 18 U.S.C. § 3553(a).**

Lupercio states that the "fact" that he had a prior conviction from 1999, which

qualified him for a § 851 enhancement and that the conviction was used to increase his sentence was a violation of his rights to due process and amounts to cruel and unusual punishment and conflicts with the sentencing mandate of 18 U.S.C. § 3553(a). Lupercio is arguing that because the increase in the sentence is based on a previous offense that is also an overt act in the instant offense, the increase in the punishment violates the Constitution and the mandate under 18 U.S.C. § 3553(a). He argues that a sentence of twenty years for a non-violent drug offender is clearly excessive and conflicts with the sentencing mandate. In <u>United States v. Ambers</u>, 85 F.3d 173 (4th Cir. 1996), the Court stated:

> [e]nhancing the sentence for conspiracy because of a prior conviction, where one of the overt acts supporting the conspiracy resulted in the prior conviction, likewise presents no double jeopardy problem. The enhancement increases the sentence for the current offense (conspiracy), not the sentence for the distinct, prior offense . . . The application of 21 U.S.C. § 841(b)(1)(A) against Ambers thus does not punish him twice for the same offense. His conspiracy offense and his prior offense are distinct crimes. The statute simply increases the sentencing range for his current conviction based on a distinct, prior offense, the sort of penalty enhancement that presents no double jeopardy issue.

<u>Id</u>. at 178. <u>See</u> <u>also</u> <u>United States v. Martinez</u>,190 Fed.Appx. 321, 326 (4th Cir. 2006)(same).

Similarly, in the instant case, the Court finds that the use of Lupercio's prior 1999 conviction to increase his sentence for the conspiracy count, does not violate due process, nor is it cruel and unusual punishment. Additionally, the Court does not find that use of the prior conviction conflicts with the mandates of 18 U.S.C. § 3553(a). Rather, 18 U.S.C. § 3553(a) states that the Court in imposing a sentence should consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant." Thus, the Court finds that the increase in the sentencing range to 240 months, based on Lupercio's prior conviction is not a basis on

4

which to set aside his sentence.

### C. Movant Provided Substantial Assistance, But the Government Refused to File a 5K1.1 Motion.

Lupercio states that he was a victim of prosecutorial misconduct because the U.S. Attorney's office promised that if he cooperated, a substantial assistance motion would be filed. However, Lupercio states that after he testified in a murder trial, the Government refused to file the motion. Lupercio states that the decision not to file the downward departure motion was made in bad faith and his sentence should be vacated and a new sentencing hearing ordered.

The Government argues first that since Lupercio did not raise this argument at either sentencing or on direct appeal, he is procedurally defaulted from raising the claim now. In order to obtain collateral review of a defaulted claim, the Government argues that Lupercio would have to show "either cause and actual prejudice, . . .or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)(internal citations and quotations omitted). The Government argues that Lupercio makes no effort to show either cause or actual prejudice and because his claims relate to sentencing, there is no basis to argue that he is actually innocent. The Government states that in order to prove prosecutorial misconduct, Lupercio would have to:

> make a substantial threshold showing that the government's decision was not rationally related to a legitimate government interest. . . . This showing must involve clear evidence that the prosecutor's motive was improper, rather than a mere allegation that substantial assistance was provided and that the prosecutor had an improper motive for declining to file a motion for a downward departure.

United States v. Fields, 512 F.3d 1009, 1011 (8th Cir. 2008)(internal citations and quotations omitted). Rather, the Government states that Lupercio must show that the

prosecutor's motive was improper. In Lupercio's case, he had previously been convicted of two drug felonies and was subject to a mandatory life sentence pursuant to 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and § 851. The Government states that it filed only one of two sentencing enhancements for the previous drug convictions. This agreement was made with Lupercio specifically in exchange for his testimony in the murder case. The plea offer letter to Lupercio stated:

> The Government has agreed to not file the second 851 enhancement based upon the numerous proffers your client has given to date, and in exchange for your client's continued cooperation and testimony regarding United States v. Dale et. al. Also, as we discussed, any future consideration of a 5K1.1 motion or other departure would have to be based upon new information or new activity on behalf of law enforcement. All previous proffers and cooperation attempts, and the anticipated testimony in United States v. Dale et. al, have been considered as a part of the Government's agreement to not seek the second 851 enhancement.

(September 11, 2007 letter from Matthew Wolesky, AUSA to Matthew O'Connor, Lupercio's counsel). Additionally, in a January 30, 2008 email the Government states, "Paul testifying in the murder case was part of the consideration previously agreed to in my agreement not to file the second 851 enhancement. Therefore, his testifying has already been accounted for, and was in my view, just honoring our agreement. My plea offer letter was very clear on that point." (E-mail dated January 30, 2008 from Matthew Wolesky to Matthew O'Connor). Thus, Lupercio was incorrect when he states that the Government did not follow through on its promise to file a 5K1.1 motion. The Government did not file a 5K1.1 motion, because Lupercio did not provide the Government with any new information. Accordingly, the Court finds that there was no prosecutorial misconduct or bad faith on the Government's part and that Lupercio did receive a benefit for his cooperation and testimony in the murder trial.

In his reply suggestions, Lupercio argues that the affidavit of Matthew O'Connor

should be stricken because Lupercio has not waived his attorney-client privilege. Lupercio states that he has not waived the attorney-client privilege because he has not made an ineffective assistance of counsel claim. Lupercio states that it was inappropriate for the Government to seek and for his former attorney to provide the affidavit concerning privileged information. The Court has reviewed the affidavit and does not find that it contains any privileged information. Instead the affidavit recites only factual information that was discussed with the Assistant United States Attorney or recites facts which are already in the record. The Affidavit does not divulge any confidential information which was not otherwise known. Even if the affidavit were considered to contain some privileged information, the Court did not rely on the affidavit in determining whether the Government engaged in prosecutorial misconduct.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Lupercio's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1).


Date:  03/12/10   　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge